# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | 2: 05-cr-0350 |
| v. | ) | 2: 05-cr-0385 |
| | ) | 2: 12-cv-0803 |
| **WANDA SOLOMON** | ) | 2: 12-cv-0804 |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is the DEPIERRE CLAIM MOTION PURSUANT TO 18 U.S.C. § 841(b)(1) AND 18 U.S.C. § 2255(f)(3) filed *pro se* by Defendant, Wanda Solomon. For the reasons that follow, the motion will be dismissed for lack of jurisdiction.

On November 10, 2005, a federal grand jury sitting in the Western District of Pennsylvania returned a one-count indictment at Criminal No. 05-350 against Cadee Akins, Wanda Solomon, and Khaliah Solomon. All three defendants were charged with Conspiracy to Distribute and Possess With Intent to Distribute Cocaine and 50 Grams or More of Crack Cocaine, from on or about August 2004 to August 2005, in violation of Title 21, United States Code, section 846.

On November 14, 2005, Wanda Solomon made her initial appearance and was detained pending a detention hearing. On November 18, 2005, Wanda Solomon appeared for her detention hearing and arraignment, wherein she entered a plea of not guilty and was released on a $25,000 unsecured bond with conditions including pretrial supervision.

On March 28, 2006, a federal grand jury sitting in the Western District of Pennsylvania returned a Superseding Indictment at Criminal No. 05-385 against Jelani Solomon, Claron Hanner, and Wanda Solomon. The three defendants were all charged in Count One of the Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute 5

1

Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, from in and around 1999 and continuing to in and around November, 2005, in violation of Title 21, United States Code, § 846. Ms. Solomon was not charged with any other alleged violations in the Superseding Indictment.

On March 29, 2006, Wanda Solomon appeared for her initial appearance and arraignment and entered a plea of not guilty to Count One of the Superseding Indictment. Her bond was continued.

On August 2, 2006, the Defendant, Wanda Solomon, appeared before the Court and pled guilty to Count 1 of the Indictment filed at Criminal No. 05-350 and Count 1 of the Superseding Indictment filed at Criminal No. 05-385.

On March 20, 2007, Defendant was sentenced by the Court and committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 240 months at Count 1 of Criminal 05-350 and 240 months of Count 1 at Criminal 05-385, all such terms to run concurrently, to be followed by a term of 5 years of supervised release of Count 1 at 05-350 and 5 years of supervised release of Count 1 at 05-385, all such terms to run concurrently.

On May 22, 2009, Defendant filed a timely Notice of Appeal to the United States Court of Appeals for the Third Circuit. On June 1, 2009, the appellate court affirmed the Judgment of the District Court.

On March 3, 2010, Defendant filed a Motion for Relief Pursuant to USSG 1B1-10(c) Amendment 9, in which she sought a two-level reduction in her offense level based on Amendment 706, which reduced the base offense level for most cocaine base ("crack") offenses and which may be applied retroactively. However, as Defendant was informed on at least four (4) separate occasions, the inclusion of the crack cocaine charge did not increase her base offense

2

level. In fact, Defendant's offense conduct was based solely upon her plea of guilty to possession with intent to distribute cocaine, not upon her plea of guilty to possession with intent to distribute crack / cocaine. Accordingly, the Court found that because the crack /cocaine which was attributable to Defendant in these cases had no effect on the guideline range, she was not entitled to a reduction in her offense level pursuant to Title 18, United States Code, section 3582(c) and her Motion for Relief was denied.

The following year, on March 24, 2011, Defendant filed a Motion to Vacate Under 28 U.S.C. § 2255. On April 26, 2011, the Court denied the motion to vacate finding that (i) any claim made pursuant to Section 2255 was time-barred by the one-year period of limitations expressly set forth in the sixth paragraph of Section 2255 itself and (ii) the plea agreement signed by Wanda Solomon contained a broad waiver provision whereby she specifically waived her right to file any motion pursuant to Section 2255, or any other collateral attack upon her conviction or sentence. On May 25, 2011, Defendant filed a Notice of Appeal to the Court of Appeals for the Third Circuit. On July 29, 2011, the appellate court affirmed the District Court's holding that Defendant's motion was untimely.

In the present motion, Defendant again challenges her sentence. She now argues that her sentence is unconstitutional in light of the United States Supreme Court's recent decision in *DePierre v. United States*, --- U.S. ---, 131 S.Ct. 2225 (2011).

A defendant seeking to file a second or successive motion under the statute first must ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2255(h). Defendant has neither sought nor obtained permission from the Court of Appeals for the Third Circuit to file her second or successve § 2255 motion.[1] Her failure to

---

[1] Title 28, United States Code, section 2255(h) provides as follows:

comply with the gatekeeping requirements of the statute deprives this Court of jurisdiction to hear her claims. *Burton v. Steward*, 549 U.S. 147, 149 (2007) (per curium).

Title 28, United States Code, section 1631 instructs that when a district court finds that there is a "want of jurisdiction," the court has discretion either to (i) transfer the motion to the court of appeals if the interest of justice is served in doing that or (ii) dismiss the motion for lack of jurisdiction.

The Court concludes that the transfer of Defendant's second motion for habeas corpus relief would not serve the interest of justice. The Supreme Court decision of *DePierre* does not arguably support any of the propositions now advanced by Defendant. She offers nothing to suggest that the definition of "cocaine base" settled in *DePierre* would have any bearing on any factual or legal issue in her case. This Court does not read *DiPierre* as overruling any established law that would undermine the validity of Defendant's plea. Insofar as *DePierre* could affect any findings at sentencing, it has no bearing here because Defendant's sentence was <u>not</u> calculated on the basis of either the guidelines or the mandatory minimums determined from the amount of cocaine base. Defendant's offense conduct was based <u>solely</u> upon her plea of

---

> A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain -
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Court notes, as should Defendant, that "*DePierre* has not been recognized or declared a retroactively applicable Supreme Court decision." *Williams v. United States*, 2012 WL 214893, at *2 (E.D. Tex. 2010) (quoting *Wilson v. United States*, 2011 WL 6308907 (W.D. La. November 29, 2011); *see also United States v. Drew*, 2012 WL 2069657 (N.D. W.Va. June 8, 2012); *United States v. Crump*, 2012 WL 60410, *2 (W.D. Va. February 24, 2012) (noting that *DePierre* has not to date been made retroactive to cases on collateral review").

4

guilty to possession with intent to distribute <u>cocaine,</u> not upon her plea of guilty to possession with intent to distribute crack / cocaine.

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order. Such certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained *supra*, the Court finds that no reasonable jurist would debate that Defendant's arguments should have been resolved differently or that the issues are worthy of more consideration. Accordingly, the Court will not issue a certificate of appealability for this Order.

**AND NOW**, this 15th day of June, 2012, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

(1) Because Defendant's motion is an unauthorized successive § 2255 motion, the motion is **DISMISSED FOR LACK OF JURISDICTION**; and

(2) A certificate of appealability on this ruling is **DENIED.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Wanda Solomon
08712-068
SFF Hazleton
P.O. Box 3000
Bruceton Mills, WV 26525